UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ALBERTO ALVAREZ, JR.,
individually and on behalf of others similarly
situated,

        Plaintiff,

-against-

NATIONAL DEBT RELIEF LLC, DANIEL
TILIPMAN, and ALEX KLEYNER,

        Defendants.

Case No.:

**COMPLAINT**

**Collective Action and Class Action Complaint**

Plaintiff LUIS ALBERTO ALVAREZ, JR. ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, SERRINS FISHER LLP, alleges against Defendant NATIONAL DEBT RELIEF LLC ("National" or the "Corporate Defendant), DANIEL TILIPMAN ("Tilipman"), and ALEX KLEYNER ("Kleyner") (National, Tilipman, and Kleyner are collectively the "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and substantial acts and/or omissions giving rise to the claims alleged herein took place in this District.

## NATURE OF THE ACTION

3. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the regulations thereto; the New York Labor Law ("NYLL")(§ 650 and §190 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders") codified at 12 N.Y.C.R.R. 142 *et seq.* based upon the following acts and/or omissions which Defendants committed intentionally and willfully, with knowledge that they were violating federal and state laws and that Plaintiff would be economically injured:

   i. Defendants' failure to compensate Plaintiff for overtime pay in accordance with the FLSA and NYLL; and

   ii. Failure to provide wage notices and proper wage statements under NYLL § 195.

4. Plaintiff also asserts a claim for conversion due to Defendants' failure to return his personal property.

## THE PARTIES

### *Plaintiff*

5. Plaintiff is an adult individual residing in the State of New York.

6. From January 2015, to on or about April 27, 2016, Defendants employed Plaintiff as a Certified Debt Specialist.

### *Defendants*

7. The Corporate Defendant is a domestic limited liability company with principal offices located in the State of New York at 11 Broadway, Suite 1600, New York, NY 10004.

8. Defendants provide debt relief services in the State of New York.

2

9. In providing these services, Defendants employ hundreds of Certified Debt Specialists and other employees performing similar job functions.

10. Defendants also employ Debt Negotiators, who negotiate debt relief with the clients' creditors.

11. At all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over one million dollars a year.

12. Upon information and belief, at all relevant times hereto, the Corporate Defendant has been and continues to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

13. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

14. The Corporate Defendant constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

16. Upon information and belief, Defendants Tilipman and Kleyner are the principals of the Corporate Defendant.

17. Defendant Tilipman is the President of the Corporate Defendant.

18. Defendant Kleyner is the CEO of the Corporate Defendant.

19. Defendants Tilipman and Kleyner possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

20. Upon information and belief, Defendants Tilipman and Kleyner set the Corporate Defendant's pay practices for all its employees.

21. Upon information and belief, Defendants Tilipman and Kleyner hire and fire the Corporate Defendant's managerial employees.

22. Upon information and belief, Defendants Tilipman and Kleyner authorize the payment of wages to the Corporate Defendant's employees.

23. Defendants Tilipman and Kleyner possess operational control over the Corporate Defendant and its employees through their financial control over the Corporate Defendant.

24. Defendants Tilipman and Kleyner are engaged in business in the City of New York, County of New York and are sued individually in their capacity as owners, officers, employees, and/or agents of the Corporate Defendant.

## FACTUAL ALLEGATIONS

### Plaintiff's Overtime Claims

**1. Plaintiff's Schedule and Pay.**

25. Plaintiff began working as a Certified Debt Specialist for Defendant in January 2015.

26. Plaintiff's schedule fluctuated throughout his employment.

27. At the beginning of Plaintiff's employment, Defendants scheduled Plaintiff to work the following hours:

   i. Monday – 1:00 p.m. until 11:00 p.m.;
   ii. Tuesday – 1:00 p.m. until 11:00 p.m.;
   iii. Wednesday – 1:00 p.m. until 11:00 p.m.;

      iv. Thursday – 1:00 p.m. until 11:00 p.m.; and

      v. Friday – 9:00 a.m. through 7:00 p.m.

28. Plaintiff, however, regularly began work an hour before his scheduled time and regularly worked an additional hour after the end of his shift.

29. In addition, Defendants also directed Plaintiff to work approximately five (5) hours on one (1) Saturday each month.

30. In addition to these hours, when Plaintiff did not meet his performance goals, his supervisors strongly encouraged Plaintiff to work additional Saturdays.

31. As a result of Defendants' draconian demands, Plaintiff generally worked until August 2015 every Saturday for 5 or more hours a day.

32. Plaintiff also rarely took a break lasting 20 minutes or longer.

33. For this work, Defendants paid Plaintiff approximately $1,000.00 on the first and fifteenth of each month, plus monthly commissions.

34. Defendants did not pay Plaintiff any additional pay for the extensive hours he worked in excess of 40.

35. Prior to August 2015, Defendants modified Plaintiff's daily schedule, but Plaintiff continued to work the same number of hours per week.

36. Beginning in August 2015, Defendants reduced Plaintiff's hours.

37. Defendants also began to pay Plaintiff for only some of his overtime hours.

### 3. Notice and Recordkeeping Violations

37. Defendants failed to provide Plaintiff with a wage notice or accurate paystubs in compliance with NYLL § 195.

38. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

39. Defendants also did not provide Plaintiff with a paystub specifying his hourly rate of pay, the regular and overtime hours he worked, and all of the other information required under NYLL § 195.

40. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

    3.    **Conversion**

41. Defendants also failed to return Plaintiff's personal property at the end of his employment.

42. Plaintiff purchased an Aeron Herman Miller office chair, which he used on Defendants' premises during his employment.

43. Upon his termination, Plaintiff requested that Defendants return the chair.

44. To date, Defendants have failed to do so.

**Collective Action Allegations.**

45. Defendant's violations of the FLSA extend beyond the Plaintiff to all other similarly situated employees.

46. Plaintiff seeks certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself, individually, and all of Defendant's other employees.

47. Plaintiff's Consent to Sue form is attached as **Exhibit 1**.

48. Upon information and belief, there are at least 300 debt specialists, debt negotiators, and employees performing similar job duties who have been denied overtime compensation while working for Defendants.

49. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA. Plaintiff's claims stated herein are similar to those of other employees.

50. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

III. **Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

51. Plaintiff brings this action collectively on behalf of himself and other debt specialists, debt negotiators, and employees performing similar job duties who did not receive compensation required by the NYLL in respect to their work for Defendants on or after the date that is six (6) years before the filing of the instant Complaint.

52. Upon information and belief, this class of persons consists of not less than 300 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

53. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether

employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

54. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

55. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

56. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

57. Plaintiff brings the second and third claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Wage Violations against Defendants)**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Within the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

60. At all relevant times hereto, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

61. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations against Defendant)

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

64. Within the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly has failed to pay Plaintiff at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

65. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

68. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, his hours worked, and the pay period.

69. Defendants failed to provide Plaintiff with an accurate and proper notice or paystub in accordance with §195 of the NYLL.

70. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §195 of the NYLL for each day or week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(Common Law Conversion Against all Defendants)**

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Plaintiff owned and possessed an office chair, which he maintained at work during his employment with Defendants.

73. Subsequent to terminating Plaintiff, Defendants unlawfully refused Plaintiff access to the chair, thereby asserting possession over Plaintiff's property in derogation of Plaintiff's rights.

74. Plaintiff suffered damage as a result of Defendants' conversion including loss of the value of his property.

75. That by virtue of Defendant's conversion, Plaintiff has been damaged and seeks recovery for the value of his converted property.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding:

    i. Compensatory damages;

    ii. Liquidated damages;

    iii. Prejudgment interest;

    iv. The value of his converted property;

    v. Reasonable attorneys' fees and costs incurred in this action; and

    vi. Any other relief the Court deems just and proper.

Dated: June 3, 2016
       New York, New York

Respectfully submitted,

*[signature]*

Liane Fisher (LF-5708)
Michael Taubenfeld (MT-4640)
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was employed by National Debt Relief and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Luis Alberto Alvarez Jr.
NAME

_[signature]_
SIGNATURE

5/11/16
DATE