# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

April 25, 2017

**VIA ECF**
Hon. Coleen McMahon
United States District Chief Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: Alvarez v. National Debt Relief LLC et. al.
Case No.: 16-cv-4156 (CM)

Dear Judge McMahon:

This firm represents Plaintiff in the above-captioned matter. We write to oppose Defendants' request that the Court lift the stay governing this matter.

As the Court is aware, in lieu of filing an answer, Defendants moved to compel arbitration based on a purported arbitration agreement that contains a waiver of class litigation. Given the uncertainty of the enforceability of class waivers, the Court stayed this action while the upper courts determined whether such waivers are enforceable. Subsequently, the Second Circuit decided in a summary order that such waivers are enforceable. Patterson v. Raymours Furniture Co., Inc., 659 F. App'x 40 (2d Cir. 2016), as corrected (Sept. 7, 2016), as corrected (Sept. 14, 2016).

However, other federal appeals courts disagree and have declined to enforce such waivers. See, e.g., Lewis v. Epic Sys. Corp., 823 F.3d 1147 (7th Cir. 2016), cert. granted, 137 S. Ct. 809, 196 L. Ed. 2d 595 (2017). Given the circuit split, the Supreme Court has granted cert and will be deciding this issue next term. Epic Sys. Corp. v. Lewis, 137 S. Ct. 809, 196 L. Ed. 2d 595 (2017). Because the enforceability of the arbitration provision in this case will ultimately be determined by the Supreme Court, we respectfully request that the Court decline to lift the stay.

Thank you for your attention to the above.

Respectfully Submitted,
------------------------/s/-------------
Michael Taubenfeld (MT-4640)