UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ALBERTO ALVAREZ, JR.,

individually and on behalf of himself
and others similarly situated,

Case No.: 1:16-cv-04156-CM

    Plaintiff,

Hon. Colleen McMahon

v.

NATONAL DEBT RELIEF LLC,
DANIEL TILIPMAN, and ALEX
KLEYNER,

    Defendants.

    JERROLD GOLDBERG, an attorney admitted to practice before the Courts of the State of New York, does hereby affirm under the penalties of perjury as follows:

    1.    I am a shareholder in the law firm of Greenberg Traurig, LLP, attorneys for defendant National Debt Relief LLC (the "Defendant") in this action. I submit this affirmation in support of the Defendant's motion to dismiss the complaint or in the alternative to stay proceedings in favor of compelling arbitration under the Federal Arbitration Act.

    2.    Plaintiff Luis Alberto Alvarez, Jr. ("Plaintiff" or "Mr. Alvarez"), who formerly worked for NDR as a Certified Debt Relief Specialist, filed a Complaint alleging that NDR failed to pay him overtime wages for his time worked over 40 hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Complaint ¶¶25-34. As a condition of his employment, however, Mr. Alvarez agreed to be bound by a Mutual Arbitration Agreement ("Arbitration Agreement") contained within the Employee Handbook that requires him to resolve any employment related disputes with Defendants via binding arbitration. A copy of the pertinent portion of the Employee Handbook

containing the Mutual Arbitration Agreement, along with Mr. Alvarez's signed acknowledgement of and consent to be bound by the Arbitration Agreement, is attached hereto as **Exhibit A**. He is, thus, precluded from bringing this action in this or any court.

3. Mr. Alvarez provided his electronic signature on the acknowledgement form as a condition to his employment with NDR. (Affidavit of Joanne P. Murray, NDR's Director of Human Resources, submitted herewith, at ¶¶ 4–5).

4. The Mutual Arbitration Agreement states as follows:

> In exchange for your employment or continued employment with National Debt Relief (together with its [...] officers, supervisors and agents, the "Company"), and in exchange for the compensation and benefits you receive and will receive from the Company, you and the Company agree to arbitrate all disputes described below through binding, individual arbitration in accordance with this agreement ("Agreement"). If a dispute related to your employment or termination of employment arises, both you and the Company agree to submit the dispute to binding arbitration. ***Disputes covered by this arbitration agreement include, but are not limited to***, [...] ***claims for wages and other compensation (including under the Fair Labor Standards Act*** [and] ***the New York Labor Law*** [...])"

(Arbitration Agreement, Employee Handbook at page 48) (emphasis added). The Mutual Arbitration Agreement also entitles NDR and any defendant to recover its or their costs in pursuing this Motion. (*Id.* at 51).

5. Based on the foregoing language, as well as Sections 3 and 4 of the FAA, therefore, Mr. Alvarez cannot proceed with this lawsuit. To the extent he intends to pursue the claims he asserts in this lawsuit, he is free to do so on an individual basis in arbitration as the Arbitration Agreement and the FAA requires.[1]

---

[1] Although Mr. Alvarez purports to pursue claims on behalf of himself and other similarly situated employees, the Arbitration Agreement expressly forbids parties to it from pursuing class, collective, or group claims in arbitration. (**Ex. A**) ("Claims must be brought by either you or the Company in your or its individual capacity, not as plaintiffs or class members in any purported class, collective, or representative proceeding [...]"). Accordingly, Mr. Alvarez is only authorized to pursue his individual claim in arbitration, and any order dismissing or staying this

2

WHEREFORE, for all the foregoing reasons, and those contained in the Memorandum of Law in Support of Defendant National Debt Relief, LLC's Motion to Dismiss or, in the Alternative, to Stay Proceedings and Compel Arbitration, it is respectfully requested that this Court grant NDR's Motion and issue an order dismissing this case, directing Plaintiff to pursue his claims on an individual basis in arbitration as he previously agreed to do, and ordering Plaintiff to pay the costs and attorneys' fees that NDR incurred in pursuing this Motion.

Dated: New York, New York
       July 5, 2016

_____
Jerrold F. Goldberg

---

action and compelling his compliance with the Arbitration Agreement and FAA should so state. See *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010); *Puleo v. Chase Bank USA, N.A.*, 605 F. 3d 172 (3d Cir. 2010) ("§ 4 of the FAA confers only the right to obtain an order directing that arbitration proceed *in the manner provided for in [the parties'] agreement.*") (emphasis in original; internal citations and quotations omitted).

3