UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/17

LUIS ALBERTO ALVAREZ, JR.,
Individually and on behalf of himself and
others similarly situated,

               Plaintiff,

v.

NATIONAL DEBT RELIEF, LLC, DANIEL
TILIPMAN, and ALEX KLEYNER,

               Defendants.

------------------------------------------------------------x

No. 16 Civ. 4156 (CM)

**DECISION AND ORDER GRANTING DEFENDANT NDR'S MOTION TO STAY THE PROCEEDING AND COMPEL ARBITRATION**

McMahon, C.J.:

On June 3, 2016, Plaintiff Luis Alberto Alvarez ("Alvarez"), a former employee of Defendant National Debt Relief, LLC ("NDR"), filed the instant lawsuit against NDR and two of its corporate officers, Defendants Daniel Tilipman and Alex Kelyner. (Compl., Dkt. No. 1.) Alvarez claims that NDR failed to pay him overtime wages and failed to provide him with wage statements, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL").

NDR has moved to dismiss Alvarez's lawsuit pursuant to Fed. R. Civ. P. 12(b)(1) and Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), or in the alternative, to stay the proceeding and compel arbitration. (Dkt. No. 6.)

Alvarez executed a Mutual Arbitration Agreement ("Arbitration Agreement") that requires him to resolve any employment-related disputes with Defendants via binding arbitration. The Arbitration Agreement, in relevant part, states:

> In exchange for your employment or continued employment with National Debt Relief (together with its . . . officers, supervisors and agents, the "Company"), and in exchange for the compensation and benefits you receive and will receive from the Company, you and the Company agree to arbitrate all disputes described below through binding, individual arbitration in accordance with this agreement ("Agreement"). If a dispute related to your employment or termination of employment arises, both you and the

1

Company agree to submit the dispute to binding arbitration. Disputes covered by this arbitration agreement include, but are not limited to, [...] claims for wages and other compensation (including under the Fair Labor Standards Act [and] the New York Labor Law . . . ); claims for breach of contract (express or implied) or in tort . . . . "

(Goldberg Aff., Ex. A at 48, Dkt. No. 22.)

The Arbitration Agreement also prohibits class or collective arbitrations, stating that "[c]laims must be brought" in "your [] individual capacity, not as plaintiffs or class members in any purported class, collective, or representative proceeding." (*Id.* at 49.) The arbitrator does not have authority to hear class claims. (*Id.* at 49-50.)

On July 25, 2016, the Court stayed this case pending the Second Circuit's decision in *Patterson v. Raymours Furniture Company Inc.*, 659 F. App'x 40 (2d Cir. 2016) (summary order). (Dkt. No. 15.) In the same order, the Court administratively closed the motion to dismiss or in the alternative to stay the proceeding and compel arbitration.

The Court directed Defendants to re-file the motion after the Second Circuit's decision in *Patterson*, which concluded that employer-sponsored arbitration agreements that waive an employee's right to pursue legal claims on a class action or collective basis are enforceable. (Dkt. No. 20.)

On May 3, 2017, NDR re-filed its motion to dismiss, or in the alternative to stay the proceeding and compel arbitration. (Dkt. No. 21.) In this motion, NDR also seeks to recover fees and costs from Alvarez. Alvarez has not opposed this motion.

## DISCUSSION

### I.   Motion to Compel Arbitration

The FAA mandates that federal courts compel arbitration of claims that parties have agreed to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Section 4 of the FAA provides, in relevant part, that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement . . . upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4 (emphasis added).

The Court considers four factors when deciding a motion to compel arbitration:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration.

*Moton v. Maplebear, Inc.*, No. 15 Civ. 8879, 2016 WL 616343, at *3-*4 (S.D.N.Y. Feb. 9, 2016) (quoting *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75–76 (2d Cir. 1998)).

These four factors weigh in favor of compelling arbitration in this case.

### 1. The Arbitration Agreement Is Valid

The party seeking to compel arbitration "must make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement 'in issue.'" *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010). To satisfy the initial burden, the moving party need not establish that "the agreement would be enforceable, merely that one existed." *Id.* Once the moving party makes a prima facie showing that an agreement existed, the party "seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010) (citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000)).

NDR successfully makes a prima facie showing that Alvarez entered into a valid arbitration agreement. On February 12, 2016, he signed a document in which he "specifically acknowledge[s] and agree[s] to arbitrate disputes with NDR, its successors, predecessors, benefit plans, directors, officers, employees, supervisors and agents, in accordance with the Mutual Arbitration Agreement contained in this handbook." (Goldberg Aff., Ex. A at 60, Dkt. No. 22.) Alvarez's continued employment with NDR was adequate consideration for entering into the agreement.

Alvarez has not contested the validity of the Arbitration agreement. Accordingly, the Court finds that the Arbitration Agreement is valid.

### 2. Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement

Because federal public policy strongly favors arbitration, a court presented with a valid agreement to arbitrate must compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Collins & Aikman Prods. Co. v. Building Sys., Inc.*, 58 F.3d 16, 19 (2d Cir. 1995).

There is no question that Alvarez's wage-and-hour claims fall within the scope of the Arbitration Agreement. The Arbitration Agreement expressly states, "Disputes covered by this arbitration agreement include, but are not limited to, . . . claims for wages and other compensation (including under the Fair Labor Standards Act [and] the New York Labor Law . . . )" (*Id.* at 48.)

Alvarez has also asserted a claim for conversion (Count IV), arising out of NDR's failure to return a piece of Alvarez's office furniture following his termination. This claim is also within the scope of the arbitration agreement as the agreement covers employment-related claims that arise "in tort." (*Id.*)

Accordingly, all of Alvarez's claims fall within the scope of the Arbitration Agreement.

### 3. Plaintiff's Claims Are Arbitrable

Alvarez's individual FLSA and NYLL claims are arbitrable. "Courts in this District have repeatedly found both FLSA and NYLL claims to be arbitrable." *Maplebear*, 2016 WL 616343, at *5 (citing *Reynolds v. de Silva*, No. 09 Civ. 9218, 2010 WL 743510 at *5 (S.D.N.Y. Feb. 24, 2010) (collecting cases)). Alvarez's tort claim is also arbitrable. *See Norcom Electronics Corp. v. CIM USA Inc.*, 104 F. Supp. 2d 198, 204 (S.D.N.Y. 2000).

Alvarez also purports to bring his FLSA and NYLL claims on behalf of himself and all other similarly-situated Certified Debt Specialists. (*See* Compl. ¶¶ 45-50.) However, the Arbitration Agreement required that all claims be brought in a party's individual capacity and prohibited class-wide arbitrations without mutual consent of the parties. (Goldberg Aff., Ex. A at 49-50, Dkt. No. 22.)

In *Stolt-Nielsen S.A. v. Animal Feeds International Corp.*, 559 U.S. 662, 684 (2010), the Supreme Court held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." In this case, the Arbitration Agreement is the contractual basis for concluding that Alvarez agreed to waive his right to bring a collective or class action.

The recent decision in *Patterson* reaffirmed that this Circuit finds collective and class action waivers of FLSA and NYLL claims to be enforceable. In that case, the Court of Appeals upheld the district court's decision to compel arbitration in a putative collective and class action against the plaintiff's former employer for alleged violations of the FLSA and NYLL. While the Second Circuit in *Patterson*, 659 F. App'x at 43 recognized that other circuits, including the Seventh and Ninth Circuits, hold that a waiver of class or collective adjudication of work-related claims is unenforceable, the court affirmed that "our Circuit [is] on the other side of that split."

4

### 4. All Claims Are Referred to Arbitration and the Case Is Stayed Pending Arbitration

The Court will refer all claims to arbitration and enter a stay in this case, rather than dismissal.

Under 9 U.S.C. § 3, a court is compelled to enter a stay (rather than a dismissal) "after all claims have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir.), *cert. denied*, 136 S. Ct. 596 (2015).

Here, Defendant NDR moved to dismiss the case or, in the alternative to stay the proceedings. The Second Circuit has held that a stay is required even when the defendant had requested "either a stay or dismissal." *See Virk v. Maple-Gate Anesthesiologists, P.C.*, 657 F. App'x 19, 23 (2d Cir. 2016) (citing 9 U.S.C. § 3).

## II. Fees and Costs

Finally, NDR seeks to enforce a provision of the Arbitration Agreement requiring Alvarez to pay the costs of litigating the instant motion.

The Arbitration Agreement states, "Should either party institute any legal action or administrative proceeding with respect to any claim covered by this Agreement or pursue any dispute or matter covered by this Agreement by any method other than the arbitration described herein, the responding party shall be entitled to recover from the other party all damages, costs, expenses and attorneys' fees incurred as a result of such action, including any appeal." (Goldberg Aff., Ex. A at 51, Dkt. No. 22.)

Under the express terms of the Arbitration Agreement, Alvarez must bear NDR's costs related to the instant motion to dismiss or compel arbitration. Accordingly, NDR is directed to submit to the Court an accounting of its fees and costs for the Court's approval.

### CONCLUSION

Defendant NDR's motion to stay the proceeding and to compel arbitration is GRANTED. The Clerk of Court is directed to remove Docket No. 21 from the Court's list of pending motions.

Dated: June 23, 2017

_____
Chief Judge

BY ECF TO ALL COUNSEL