USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LUIS ALBERTO ALVAREZ, JR.,
individually and on behalf of himself and
others similarly situated,

                Plaintiff,

v.

NATIONAL DEBT RELIEF, LLC, DANIEL
TILIPMAN, and ALEX KLEYNER,

                Defendants.
---------------------------------------------------------------x

No. 16 Civ. 4156 (CM)

## ORDER AWARDING DEFENDANT NDR $12,050.17 IN LEGAL FEES AND COSTS INCURRED IN LITIGATING MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE PROCEEDINGS AND COMPEL ARBITRATION

McMahon, C.J.:

      In the Court's Decision and Order Granting Defendant NDR's Motion to Stay the Proceeding and Compel Arbitration, dated June 23, 2017, the Court ruled that Plaintiff Alvarez, pursuant to the Arbitration Agreement he made with NDR, must pay NDR's legal fees and costs related to its motion to dismiss or compel arbitration in this case, and directed NDR to submit an accounting of the fees it incurred for the Court's approval. (Dkt. No. 25.)

      On July 17, 2017, NDR submitted a letter which included a declaration from James N. Boudreau, an attorney at Greenberg Traurig, providing an accounting of NDR's legal fees and costs related to the motion to dismiss or compel arbitration, which claimed the total amount of costs and fees incurred to be $21,437.28: $21,227.11 in legal fees and $210.17 in costs. (Dkt. No. 26.)

      On July 24, 2017, Plaintiff submitted a letter objecting to the accounting in NDR's July 17 letter. (Dkt. No. 29.) Plaintiff argues that the attorneys and paralegal who worked on the motion charged unreasonably high hourly rates given their experience and the nature of the work. Plaintiff further contends that NDR's attorneys billed more time on the case than was necessary.

      A reasonable hourly rate is determined by "look[ing] to 'the prevailing market rates in the relevant community.'" *Purdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). When determining a reasonable hourly rate, a court

1

should try to arrive at a rate that a reasonable paying client would be willing to pay, while recognizing that a reasonable paying client would want to pay the minimum amount necessary to effectively pursue the case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008). The reasonable hourly rate, combined with what a court determines to be a reasonable number of hours to spend on the work, provides a "lodestar" total, which is a presumptively reasonable fee for a court to use in its analysis. *Millea v. Metro-North R. Co.*, 568 F.3d 154, 166 (2d Cir. 2011).

The party requesting fee compensation must show by satisfactory evidence that the rates requested are within the range of prevailing market rates. *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005). If that party fails to provide such information, a court may award fees on the low end of the range of prevailing rates. *Balestriere PLLC v. CMA Trading, Inc.*, No. 11 Civ. 9459, 2014 WL 7404068 (S.D.N.Y. Dec. 31, 2014); *see also Gonzalez v. Scalinatella Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015) ("[C]ourts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals.") (collecting cases).

Four attorneys with the firm Greenberg Traurig performed work related to NDR's motion: Jerrold Goldberg, Gregory T. Sturges, Sarah R. Goodman, and James N. Boudreau. (*See* Boudreau Decl. ¶ 4, Dkt. No. 26.) Mr. Goldberg charged an hourly rate of $960, Mr. Sturges charged $495, Ms. Goodman charged $297, and Mr. Boudreau charged $590.75. (Boudreau Decl. ¶ 5) One paralegal, Stephen Stanley, performed work on the case and his hourly rate was $189. (Boudreau Decl. ¶ 6) With few exceptions, FLSA litigators are generally not awarded more than $450 per hour in this district. *Mills v. Capital One, N.A.*, No. 14 Civ. 1937, 2015 WL 5730008, at *12 n.5 (S.D.N.Y. Sept. 30, 2015) (collecting cases); *see also Kim v. Kum Gang, Inc.*, No. 12 Civ. 6344, 2015 WL 3536593, at *2 n.16 (S.D.N.Y. June 5, 2015) (collecting cases).

Notably, NDR's counsel has not provided the Court with any background information or credentials about the personnel who worked on the motion to support the rates they are asking in compensation. The Court relies upon the biographical information sections of Greenberg Traurig's website provided by Plaintiff for relevant background information about the attorneys. (*See* Dkt. No. 29.)

Mr. Boudreau is a shareholder with Greenberg Traurig who graduated from law school in 1990 and has significant experience in employment law. (Dkt. No. 29.) An hourly rate of $450 is appropriate for him. *See Gonzalez*, 112 F. Supp. 3d at 28. Mr. Goldberg, another shareholder, graduated from law school in 1979 and has been practicing in employment and labor law since then. (Dkt. No. 29.) However, this was a relatively simple case, and effective representation did not require the combined efforts of two partners, two associates, and a paralegal. Therefore the court will not include Mr. Goldberg's hours in the final fee calculation.

Mr. Sturges is an associate with Greenberg Traurig who graduated from law school in 2005 and seems to primarily handle mass tort cases. The Court finds that $350 per hour is an

2

appropriate rate for his work. *See id.* Ms. Goodman is an associate who graduated from law school in 2014. The Court finds that a rate of $200 per hour is appropriate for her work. *See id.* Mr. Stanley is a paralegal with approximately four years of experience, accordingly $100 per hour is an appropriate rate for his work. *Mills*, 2015 WL 5730008, at *12 (citing cases).

To determine whether the hours spent on an issue were reasonable, a court must look at records and documents provided by the party seeking fees and assess whether the hours spent were unnecessary, excessive, or redundant. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The determination should be made based on whether a reasonable attorney at the time would have expended as many hours on the task in question. *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Here, the hours billed by NDR's counsel were, for the most part, reasonable. However, the Court finds that the time billed for drafting and revising the letter motion to lift the stay on the case was excessive. The letter motion is roughly one and a half pages in length, and essentially recites the procedural history of this case before requesting that the stay on it be lifted by the Court. (*See* Dkt. No. 17.) Yet the attorneys and paralegal who worked on the letter billed more than 6 hours for it: 3.8 hours for Ms. Goodman, 1.5 hours for Mr. Boudreau, and 0.8 hours for Mr. Stanley. (Dkt. No. 26.) Given the brevity and simplicity of the letter, this amount of time is excessive. Accordingly, the hours spent on the letter motion by Ms. Goodman is reduced to 1.9 and the hours spent by Mr. Boudreau to 0.8.

The fees to be awarded NDR are as follows: $6,435 for Mr. Boudreau's work (14.3 hours at $450 per hour), $3,885 for Mr. Sturges' work (11.1 hours at $350 per hour), $1,340 for Ms. Goodman's work (6.7 hours at $200 per hour), and $180 for Mr. Stanley's work (1.8 hours at $100 per hour), with costs of $210.17 for a total amount of $12,050.17.

This constitutes the decision and order of the Court.

Dated: September 6, 2017

                                                                                     Chief Judge

BY ECF TO ALL COUNSEL